UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
JEMMY LEE STURGIS #083989,

                Plaintiff,                      ORDER
                                                                    13-CV-2125 (SJF)(ETB)

       -against-

SHERIFF VINCENT DEMARCO,
WARDEN CHARLES EWALD,
LT. "KEN KOE," SGT. "LEN LOE," and
CORR. OFFICERS "A" AND "B,"

                Defendants.
----------------------------------------------------X
FEUERSTEIN, District Judge:

On April 9, 2013, incarcerated *pro se* plaintiff Jemmy Lee Sturgis ("plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Sheriff Vincent DeMarco ("Sheriff DeMarco"), Warden Charles Ewald ("Warden Ewald"), Sgt. "Len Loe" and several other unidentified individuals whom he designates as Lt. "Ken Koe" and Corr. Officers "A" and "B" (collectively, " the Doe defendants"), accompanied by an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in his declaration in support of his application to proceed *in forma pauperis*, qualifies him to file the complaint without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), the application to proceed *in forma pauperis* is GRANTED. However, for the reasons set forth below, the complaint is *sua sponte* dismissed in part for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii) and 1915A(b)(1).

1

I. The Complaint[1]

At 8:00 a.m. on March 30, 2013, while plaintiff was incarcerated at the Suffolk County Correctional Facility ("SCCF") in Riverhead, New York, there was a "tier cell search" (a "cell search") on the 4-West/North tier. (Compl. at 7). Following the cell search on the 4-West/North tier, a cell search was commenced on the 4-West/South tier, during which "correctional staff" overheard several inmates complain about the 4-West/North search. *Id.* As a result of those complaints, the correctional staff "initiated with 'malicious intent' and with 'due deliberate intent' to do damage, harm, pain and intimidation, destruction of papers (legal)," a second cell search on the 4-West/North tier (the "second cell search"). *Id.* During the second cell search, plaintiff was told "'not' to face [his] cell[]", which was contrary to what he was told during the first cell search, and the two (2) officers who searched plaintiff's cell "destroyed the only (2) two things in [his] cell[:] religious books and legal work." *Id.* at 8 (emphasis omitted). Plaintiff's Koran, Bible, dictionary and thesaurus were thrown in the sink and toilet; a plastic storage bin was cracked in three (3) places; and "[a] peanut butter container filled with cleaning liquid and bleach, that [he] use[s] to clean the tier with was opened and poured over [his] clothes[,] bed and some legal work, thus destroying them. This legal work consist[ed] of over 35 lbs. of paper which was strewn all over the floor in [his] cell[.]" *Id.* (emphasis omitted). Before going into plaintiff's cell, one (1) of the two (2)

---

[1] All material allegations in the complaint are assumed to be true for the purposes of this order, and do not constitute findings of fact by the Court. See, e.g. Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

2

officers that searched the cell said: "so you are the legal man" after plaintiff told him that all he owned was legal work. *Id.* "This was done as the Lt. in charge stood outside [plaintiff's] cell." *Id.* Later that afternoon, after the second cell search was complete, a corrections sergeant told plaintiff to "clean [his] cell because it was 'messy' * * *" and responded to his complaints about the conditions at the SCCF by stating "That's the way jail is." *Id.* at 9.

Plaintiff claims mental anxiety and stress, loss of sleep and "backaches since reliving 12/7/1989." *Id.* at ¶ IV.A. Plaintiff seeks "investigation and oversight in this matter by all persons who receive this communication"[2]; "bail that [he] can afford" because his previous request for a bail reduction was denied in state court on December 9, 2012; cameras to be placed on all tiers at the SCCF; and compensatory and punitive damages in the total amount of fifty thousand dollars ($50,000.00) for his injuries and the destruction of his property. *Id.* at 9 and ¶V.

II. Discussion

    A. Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(i-iii). See

---

[2] Plaintiff mailed a copy of this "communication" to 12 people / entities. (Compl. at 6).

Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are obliged to read *pro se* complaints plaintiff liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011), and to construe them "to raise the strongest arguments [that they] suggest[]." Jabbar v. Fischer, 683 F.3d 54, 56 (2d Cir. 2012) (quotations, alterations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. County of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. 89, 127 S. Ct. at 2200 (quotations and citations omitted); see also Anderson News, LLC v. American Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012), cert. denied, 133 S. Ct. 846, 184 L. Ed. 2d 655 (Jan. 7, 2013) (accord). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 678,

129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955); see also Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (accord). The plausibility standard requires "more that a sheer possibility that defendant has acted unlawfully." Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949; see also Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011) (accord).

B.  Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (citing Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

5

1. Claims Against Sheriff DeMarco and Warden Ewald

A Section 1983 claim must allege the personal involvement of any individual defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)); see also Costello v. City of Burlington, 632 F.3d 41, 48-9 (2d Cir. 2011). "Personal involvement" may be established by evidence of direct participation in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003); see also Back v. Hastings on Hudson Union Free School District, 365 F.3d 107, 127 (2d Cir. 2004); Johnson v. Newburgh Enlarged School District, 239 F.3d 246, 254-55 (2d Cir. 2001). "The fact that [a defendant] was in a high position of authority is an insufficient basis for the imposition of personal liability." Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989); see also Back, 365 F.3d at 127; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). A complaint based upon a violation under Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law. See Costello, 632 F.3d at 48-9.

Plaintiff has not alleged the direct participation of Sheriff DeMarco or Warden Ewald in any

of the wrongdoing alleged in his complaint, nor any basis upon which to find Sheriff DeMarco or Warden Ewald liable in a supervisory capacity. Accordingly, plaintiff's Section 1983 claims against Sheriff DeMarco and Warden Ewald are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

2.  Claims against Sgt. "Len Loe"

The only factual allegations in the complaint concerning Sgt. "Len Loe" are that he responded to plaintiff's complaints about the conditions at the SCCF with the comment: "That's the way jail is," and that he instructed plaintiff to clean his cell because it was messy. (Compl. at 9.) Even liberally read, those facts do not allege a constitutional violation. See, e.g. Johnson v. Eggersdorf, 8 Fed. Appx. 140, 143 (2d Cir. May 17, 2001) (summary order) ("In this Circuit, allegations of verbal harassment are insufficient to base a Section 1983 claim if no specific injury is alleged."); Webster v. Fischer, 694 F. Supp. 2d 163, 187 (N.D.N.Y. 2010), aff'd, 398 Fed. Appx. 683 (2d Cir. 2010) ("[T]he mere allegation of verbal abuse * * * does not rise to the level of a constitutional violation and is not cognizable under 42 U.S.C. § 1983."); Gleave v. Graham, 954 F. Supp. 599, 612 (W.D.N.Y. 1997), aff'd, 152 F.3d 918 (2d Cir. May 11, 1998) (table) ("[V]erbal abuse and name calling do not implicate any federal constitutional rights and therefore usually are not actionable under Section 1983.") Accordingly, plaintiff's Section 1983 claims against Sgt. "Len Loe" are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a

claim for relief.

3. Plaintiff's Request for Affordable Bail

Even assuming, *arguendo*, that plaintiff can seek to have this Court set affordable bail after a state court denied his application for a bail reduction and subsequent petition for a writ of habeas corpus, plaintiff does not allege the personal involvement of any defendant in the setting of the bail amount, the denial of his application for a bail reduction or the denial of his state habeas corpus petition. Accordingly, plaintiff's claim seeking to have this Court set him affordable bail is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

4. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Although, "[l]eave to amend [ ] may be properly denied for: 'undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.,'" Rutolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 229, 9 L. Ed. 2d 222 (1962)); see also Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008), "when

addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); see also Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Accordingly, plaintiff is granted leave to amend his complaint to replead his claims against Sheriff DeMarco, Warden Ewald and Sgt. "Len Loe," as well as his claim seeking to have this Court set him affordable bail, **provided that any such amended complaint is filed on or before July 10, 2013, or the claims against Sheriff DeMarco, Warden Ewald and Sgt. "Len Loe," as well as his claim seeking to have this Court set him affordable bail, will be deemed dismissed in their entirety with prejudice and judgment shall enter in favor of Sheriff DeMarco, Warden Ewald and Sgt. "Len Loe."** The amended complaint must be titled "amended complaint" and bear the same docket number as this order, and it shall be reviewed pursuant to 28 U.S.C. § 1915A. Since any amended complaint will supercede the original complaint, the amended complaint must include all valid claims and allegations plaintiff wishes to pursue against Sheriff DeMarco, Warden Ewald, Sgt. "Len Loe" and the Doe defendants, as well as any other individual personally involved in the alleged constitutional violations of which plaintiff complains.

C. Claims against the Doe defendants

The United States Marshal Service cannot serve the Doe defendants without more

information regarding their identity. Since the Second Circuit has held that district courts must provide incarcerated *pro se* litigants with reasonable assistance in investigating the identity of "John Doe" officers, see Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Clerk of the Court shall serve copies of the complaint and this Order upon the Suffolk County Attorney, who shall attempt to ascertain the full names and service address(es) of the Doe defendants who were involved in the incident described in the Complaint and provide such information to the Court **within two (2) weeks from the date that this Order is served upon him**. The Suffolk County Attorney need not undertake to defend or indemnify the Doe defendants at this juncture, as this Order merely provides a means by which plaintiff may identify and properly serve the Doe defendants as instructed by the Second Circuit in Valentin. Once the information is provided by the Suffolk County Attorney, plaintiff's complaint shall be deemed amended to reflect the full names of the Doe defendants, summonses shall be issued and the United States Marshal Service shall serve those defendants.

III. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted; the claims against Sheriff DeMarco, Warden Ewald and Sgt. "Len Loe," as well as plaintiff's claim seeking to have this Court set him affordable bail, are *sua sponte* dismissed in their entirety without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l) for failure to

state a claim for relief, **provided that plaintiff file an amended complaint in accordance with this order on or before July 10, 2013, or the claims against Sheriff DeMarco, Warden Ewald and Sgt. "Len Loe," as well as plaintiff's claim seeking to have this Court set him affordable bail, will be deemed dismissed with prejudice and judgment shall enter in favor of Sheriff DeMarco, Warden Ewald and Sgt. "Len Loe."** The Clerk of the Court shall send a copy of the complaint and this Order to the Suffolk County Attorney and the Suffolk County Attorney shall attempt to ascertain the full names and service address(es) of the Doe defendants involved in the incident described in the Complaint and **to produce such information to the Court within two (2) weeks from the date that this Order is served upon him.** Once the information is provided by the Suffolk County Attorney, plaintiff's complaint shall be deemed amended to reflect the full names of the Doe defendants, summonses shall be issued and the United States Marshal Service shall serve those defendants. The Clerk of Court is directed to mail a copy of this order to the *pro se* plaintiff at his last known address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917. 8 L. Ed. 2d 21 (1962).

SO ORDERED.                                    s/ Sandra J. Feuerstein

                                              SANDRA J. FEUERSTEIN
                                              United States District Judge

Dated: June 7, 2013
       Central Islip, New York