UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JEMMY LEE STURGIS,

                     Plaintiff,

      -against-

SHERIFF VINCENT DEMARCO, WARDEN CHARLES
EWALD, LT. "KEN KOE", SGT. "LEN LOE" and
CORR. OFFICERS "A" AND "B",

                     Defendants.
------------------------------------------------------------------X

ORDER
13-CV-2125 (SJF)(ETB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUN 2 7 2013   ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

I.    Background

On April 9, 2013, incarcerated *pro se* plaintiff Jemmy Lee Sturgis ("plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Sheriff Vincent DeMarco ("Sheriff DeMarco"), Warden Charles Ewald ("Warden Ewald"), Sgt. "Len Loe" and several other unidentified individuals whom he designates as Lt. "Ken Koe" and Corr. Officers "A" and "B" (collectively, " the Doe defendants"), accompanied by an application to proceed *in forma pauperis*.

On April 16, 2013, the Clerk of the Court mailed a letter acknowledging the Court's receipt of his civil complaint to plaintiff at his address of record, i.e., the Suffolk County Correctional Facility ("SCCF"), located at 110 Center Drive, Riverhead, New York 11901. (Doc. No. 4). On April 19, 2013, the Clerk of the Court mailed a scheduling order issued by the Honorable E. Thomas Boyle, United States Magistrate Judge, to plaintiff at the SCCF. (Doc. No. 5). On April 22, 2013 and May 3, 2013, the letter and scheduling order, respectively, were returned to the Court as undeliverable with the following notations on the envelopes: "Return To Sender" and "Not Here." (Doc. Nos. 6 and 7). On May 29, 2013, the Clerk of the Court again mailed the letter and scheduling

1

order, together with a copy of the docket sheet, to plaintiff at the SCCF. On June 14, 2013 and June 18, 2013, the scheduling order and letter were returned to the Court as undeliverable with the following notations on the envelopes: "Discharged," "Return To Sender," "Not Deliverable As Addressed" and "Unable To Forward." (Doc. Nos. 9 and 12). The envelope returned on June 18, 2013 also had a handwritten notation: "Disch[arged] 4/25/13." (Doc. No. 12).

Although plaintiff never filed a notice of change of address in this case, on May 31, 2013, plaintiff filed a notice of change of address in two (2) other cases pending in this Court, i.e., Sturgis v. County of Suffolk, No. 13-cv-902, and Sturgis v. Suffolk Co. Jail, No. 12-cv-5263. Accordingly, on June 14, 2013, the Clerk of the Court re-mailed copies of both the letter and scheduling order to plaintiff at the address set forth in that notice, i.e., 58-D Wilson Avenue, Coram, New York 11727 ("the Coram address"). On June 24, 2013, that mailing was returned to the Court as undeliverable with the following notations on the envelope: "Return To Sender," "No Such Street" and "Unable To Forward." (Doc. No. 14).

By order dated June 7, 2013, *inter alia*, plaintiff's application to proceed *in forma pauperis* was granted; the claims against Sheriff DeMarco, Warden Ewald and Sgt. "Len Loe," as well as plaintiff's claim seeking to have this Court set him affordable bail, were *sua sponte* dismissed in their entirety without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief; plaintiff was directed to file an amended complaint in accordance with that order on or before July 10, 2013, or the claims against Sheriff DeMarco, Warden Ewald and Sgt. "Len Loe," as well as plaintiff's claim seeking to have this Court set him affordable bail, will be deemed dismissed with prejudice and judgment will be entered in favor of Sheriff DeMarco, Warden Ewald and Sgt. "Len Loe;" and the Suffolk County Attorney was directed to attempt to ascertain the full names and service address(es) of the Doe defendants involved in the incident

2

described in the Complaint and to produce such information to the Court. On June 11, 2013, the Clerk of the Court served plaintiff with notice of entry of the June 7, 2013 order by mailing a copy thereof to plaintiff at the Coram address. (Doc. No. 8). The notice of entry of the June 7, 2013 order was returned to the Court on June 18, 2013 with the following notations on the envelope: "Return To Sender," "No Such Street" and "Unable To Forward." (Doc. No. 11).

II. Discussion

    A. The Doe Defendants

By letter dated June 26, 2013, the Suffolk County Attorney's office advised that it attempted to ascertain the names and service addresses of the "'John Doe' Correction Officers" in accordance with the June 7, 2013 order; that its records indicate that only one (1) correction officer, Correction Officer Michael DeRosa (Badge # 1259) ("DeRosa"), entered plaintiff's cell during the March 30, 2013 "shakedown" of which plaintiff complains; and that DeRosa could be served at the SCCF. Accordingly, the Clerk of the Court is directed to amend the caption of the complaint to substitute DeRosa for Correction Officer "A;" issue a summons as to DeRosa; and cause the United States Marshal Service to serve DeRosa with copies of the complaint, the summons, the April 19, 2013 scheduling order, the June 7, 2013 order and this order. However, the June 7, 2013 order directed the Suffolk County Attorney to attempt to ascertain the names and service addresses of "the Doe defendants," which collectively referred to Sgt. "Len Loe," Lt. "Ken Koe" and Corr. Officers "A" and "B." (6/7/13 Order at pp. 1 and 10). Since there is no indication that the Suffolk County Attorney attempted to ascertain the names and service addresses of Sgt. "Len Loe" and Lt. "Ken Koe," the Clerk of the Court shall again serve copies of the

3

complaint, the June 7, 2013 order and this order upon the Suffolk County Attorney, who shall attempt to ascertain the full names and service address(es) of the remaining Doe defendants, i.e., Sgt. "Len Loe" and Lt. "Ken Koe," and provide such information to the Court **within two (2) weeks from the date that this Order is served upon him.** Once the information is provided by the Suffolk County Attorney, plaintiff's complaint shall be deemed amended to reflect the full names of the Doe defendants, summonses shall be issued and the United States Marshal Service shall serve those defendants.

B.  Failure to Prosecute

This Court's docket reflects that since the filing of this action, plaintiff has not taken any steps to prosecute it, or to otherwise communicate with the Court; has not filed a notice of change of address in this case, although he filed such a notice in two (2) other cases pending in this Court, albeit containing an address that apparently does not exist; and has not apprised the Court of his current whereabouts or contact information.

"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" Alomar v. Recard, No. 07-CV-5654, 2010 WL 451047, at * 2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at * 5 (S.D.N.Y. Nov. 20, 1996)); see also Hayes v. Shield, No. 11 Civ. 3714, 2012 WL 3114843, at * 1 (S.D.N.Y. July 5, 2012), report and recommendation adopted by 2012 WL 3115798 (S.D.N.Y. Aug. 1, 2012); Ackridge v. Martinez, No. 09 Civ. 10400, 2011 WL 5865265, at * 3 (S.D.N.Y. Nov. 22, 2011) ("[W]hen a party changes addresses, it is his obligation to notify the court of his new address."). This action cannot proceed at all unless the Court and defense counsel are able to contact plaintiff to, *inter alia*, arrange conferences, obtain discovery, serve motions and schedule

4

trial. See, e.g. United States ex rel. Roundtree v. Health and Hospitals Police Dept. of New York, No. 06 Civ. 212, 2007 WL 1428428, at * 1, 2 (S.D.N.Y. May 14, 2007) (holding that "defendants are at a severe disadvantage in not knowing the address of the pro se litigant who has brought suit against them."); Coleman v. Doe, No. 05-cv-5849, 2006 WL 2357846, at * 3 (E.D.N.Y. Aug. 14, 2006) ("To require defendants to move forward would be impossible without plaintiff's participation.") "When a pro se litigant fails to provide the Court with notice of a change of address, the Court may dismiss the litigant's claims." Bernard v. Romen, No. 11 cv 6346, 2012 WL 6594622, at * 2 (E.D.N.Y. Oct. 15, 2012), report and recommendation adopted by 2012 WL 6594525 (E.D.N.Y. Dec. 18, 2012).

Accordingly, plaintiff is directed to file an affidavit **on or before July 29, 2013** providing the Court with a new address and telephone number at which he can be contacted during the course of this litigation.

**PLAINTIFF IS ADVISED THAT HIS FAILURE TO COMPLY WITH THIS ORDER, OR TO TAKE ANY STEPS TO PROSECUTE THIS ACTION, WILL RESULT IN THIS ACTION BEING DISMISSED WITH PREJUDICE PURSUANT TO RULES 37(b)(2)(A)(v) AND 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

III.  Conclusion

For all of the foregoing reasons: (1) the Clerk of the Court is directed (a) to amend the caption of the complaint to substitute DeRosa for Correction Officer "A," (b) to issue a summons as to DeRosa, (c) to cause the United States Marshal Service to serve DeRosa with copies of the complaint, the summons, the April 19, 2013 scheduling order, the June 7, 2013 order and this

5

order and (d) to serve copies of the complaint, the June 7, 2013 order and this order upon the Suffolk County Attorney; (2) the Suffolk County Attorney is directed to attempt to ascertain the full names and service address(es) of Sgt. "Len Loe" and Lt. "Ken Koe" and provide such information to the Court within two (2) weeks from the date that this Order is served upon him; and (3) plaintiff is directed to file an affidavit **on or before July 29, 2013** providing the Court with a new address and telephone number at which he can be contacted during the course of this litigation, or the complaint will be dismissed in its entirety with prejudice pursuant to Rules 37(b)(2)(A)(v) and 41(b) of the Federal Rules of Civil Procedure.

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, including mailing a copy of this order to plaintiff at both the SCCF and Coram address pursuant to Rule 5(b)(C) and leaving a copy of this order with the Clerk of the Court pursuant to Rule 5(b)(2)(D).

SO ORDERED.

Sandra J. Feuerstein
United States District Judge

Dated:    June 27, 2013
           Central Islip, New York